NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GABE S. BARRENTINE, | : | |
| Plaintiff, | : | Civil Action No. 12-3936 (KM) |
| v. | : | |
| NEW JERSEY TRANSIT and AMALGAMATED TRANSIT UNION, LOCAL 822, ET AL., | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of a motion to dismiss for ineffective service of process ("Motion to Dismiss") filed by defendant New Jersey Transit ("defendant"). (Mot. Dismiss, Apr. 26, 2013, ECF No. 25). On May 5, 2013, plaintiff Gabe S. Barrentine ("plaintiff") filed a cross motion to extend the time to serve defendant ("Cross Motion") and in opposition to the Motion to Dismiss. (Cross Mot., May 7, 2013, ECF No. 28). Pursuant to Local Civil Rule 72.1, the Honorable Kevin McNulty, United States District Judge, referred the Motion to Dismiss to this Court for Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral arguments. For the reasons set forth below, the Court respectfully recommends that the District Court deny defendant's Motion to Dismiss (ECF No. 25) and grant plaintiff's Cross Motion to extend the time to serve defendant (ECF No. 28).

I.  **Factual Background and Procedural History**

On June 25, 1988, defendant New Jersey Transit Bus Operations, Inc. hired plaintiff as a bus driver. (Second Am. Compl. ¶ 1, May 1, 2013, ECF No. 27). On April 6, 1995, plaintiff tested positive during a random drug test for THC Metabolite and, consequently, received a thirty-day suspension. (Id. ¶ 2). After completing an Employee Assistance Program, he returned to his duty as a bus driver. (Id.). On May 21, 2009, plaintiff was awarded a safe driving citation for driving his bus for twenty (20) years without an accident. (Id. ¶ 1).

Plaintiff alleges that every time his supervisor, John Piper, was stationed at plaintiff's working station, Piper would ridicule him by repeatedly using racial epithets against him, in front of several other employees. (Id. ¶ 3). Specifically, plaintiff alleges that at various times between 2009 and 2011, Piper referred to him as a "country ape" and "monkey boy." (Id.). Plaintiff further alleges that his difficulties with Piper worsened after plaintiff saw him at a "go-go bar" after work hours in November 2008. (Id. ¶ 4). Plaintiff alleges that Piper advised him not to tell anyone at work that Piper was at the "go-go bar," and if plaintiff did in fact tell anyone at work, Piper would have him fired. (Id.). Plaintiff states that Piper believed he reported the "go-go bar" incident to other workers, which caused Piper to retaliate against him. (Id.).

In addition, plaintiff alleges that prior to November 25, 2008, he was randomly drug tested only five to six times over a period of thirteen years, since his last positive test. (Id. ¶ 5). However, after the "go-go bar" incident, plaintiff alleges that Piper investigated plaintiff by having two undercover inspectors ride his bus for two weeks. (Id.). After those two weeks, plaintiff was suspended for three days without pay for not calling out stops, and again for five days for failing to wear his seat belt. (Id.). On December 17, 2009, plaintiff tested positive

during a random drug test for THC and was suspended for thirty days. (Id. ¶ 6). Thereafter, plaintiff was required to undergo weekly drug testing. (Id. ¶ 7). On January 21, 2011, plaintiff tested positive for cocaine and was terminated immediately. (Id.; see Certification of Gabe S. Barrentine ("Barrentine Cert.") ¶ 2, Exh. A, ECF No. 28). Plaintiff contests the January 21, 2011 positive drug test, claiming he had been on prescription pain medication for a shoulder injury. (Second Am. Compl. ¶ 8, ECF No. 27). Plaintiff further maintains that he has never taken cocaine. (Id.).

Through his union, co-defendant Amalgamated Transit Union, Local 822 ("ATU"), plaintiff filed a grievance against defendant. (Id. ¶ 10). ATU represented plaintiff during all four steps of the grievance procedure. However, the grievance was denied at all four steps. (Id.). On July 8, 2011, ATU notified plaintiff that he could appear before ATU's executive board to discuss his right to an arbitration hearing for his grievance. (Id. ¶ 11). Accordingly, plaintiff appeared before the board and asked it to take the matter to arbitration. Plaintiff also asked for the retention of a toxicologist because he believed the lab tests were inaccurate, as plaintiff maintained that he was on several prescription pain medications that did not show up on the test. (Id.). Plaintiff also requested that ATU take the matter to arbitration because Piper mistakenly believed he told other workers about the "go-go bar" incident, and as a result, discriminated and unfairly retaliated against him. (Id.). Plaintiff alleges that in spite of his protestations, the board determined not to proceed to arbitration because it believed plaintiff would lose. (Id. ¶ 12).

On July 14, 2011, plaintiff filed a grievance against defendant with the Division of Civil Rights, alleging discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (Barrentine Cert. ¶ 6, ECF No. 28). The matter was then referred to the Equal

Employment Opportunity Commission ("EEOC"), which investigated plaintiff's claims. (Id. ¶ 7). By way of a letter dated April 30, 2012, the EEOC advised plaintiff that it did not find evidence of discrimination and indicated that plaintiff had to file suit within ninety days or he would lose his right to sue. (Id. ¶ 8). Thus, on June 27, 2012, plaintiff, acting pro se, timely filed the instant complaint in this Court. (Compl., June 27, 2012, ECF No. 1).

On June 27, 2012, plaintiff filed an application to proceed in forma pauperis ("IFP") (IFP Appl., June 27, 2012, ECF No. 1-1) and an application for the appointment of pro bono counsel (Pro Bono Appl., June 27, 2012, ECF No. 2). On July 2, 2012, the Court denied plaintiff's pro bono application. (Order, July 2, 2012, ECF No. 4). However, the Court granted plaintiff's IFP application. (Order, July 2, 2012, ECF No. 5). On July 12, 2012, a summons was issued as to defendant. (Summons, July 12, 2012, ECF No. 7). Plaintiff then filed an amended complaint on July 13, 2012, naming ATU as a co-defendant. (Am. Compl., July 13, 2012, ECF No. 8). On that same date, the Clerk of the Court issued a summons as to ATU. (Summons, July 13, 2012, ECF No. 10). ATU was thereafter served within the time limits set forth by Federal Rules of Civil Procedure 4(c)(1) and 4(m).

On August 1, 2012, the case was reassigned from the Honorable Judge Esther Salas, U.S.D.J., to the Honorable Kevin McNulty, U.S.D.J. (Order, Aug. 1, 2012, ECF No. 11). On January 9, 2013, plaintiff's counsel entered a notice of appearance. (Notice of Appearance, Jan. 9, 2013, ECF No. 17). Plaintiff later filed an amended complaint (Am. Compl., Apr. 29, 2013, ECF No. 26) and, on May 1, 2013, he filed a second amended complaint (Second Am. Compl., May 1, 2013, ECF No. 27), alleging eleven counts against all defendants.

On April 26, 2013, defendant New Jersey Transit filed the instant Motion to Dismiss for failure to effect timely service of process pursuant to Federal Rule of Civil Procedure 4(m). (Mot. Dismiss, ECF No. 25). In response, on May 7, 2013, plaintiff filed the instant Cross Motion for an extension of time to effect service on defendant. (Cross Mot., ECF No. 28). Defendant filed a reply brief on May 14, 2013, in further support of the pending Motion to Dismiss and in opposition to plaintiff's Cross Motion. (Reply Br., May 14, 2013, ECF No. 29).

## II.  Discussion

The Federal Rules of Civil Procedure mandate proper service of a summons and complaint upon a defendant within 120 days of its filing with the Court. Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Once it has been determined that the plaintiff has failed to serve the defendant within 120 days of filing the complaint, a district court may determine whether an extension of time for service is warranted." Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 526 (M.D. Pa. 2010). The Third Circuit "has set forth a two-pronged standard of review to determine whether granting an extension of time to serve is proper under Rule 4(m), which provides for both mandatory and discretionary extensions." Id. The Court addresses the mandatory and discretionary extensions separately herein.

### A.  Mandatory Extension for Good Cause

First, the Court analyzes whether good cause exists for the plaintiff's failure to effect service of process within the 120-day time limit. Petrucelli v. Bohringer, 46 F.3d 1298, 1305 (3d Cir. 1995). If the Court finds good cause, it grants an extension of time to effect service.

5

McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). The Third Circuit has equated "good cause" with the concept of "excusable neglect" of Rule (6)(b)(2), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rule." MCI Telecom. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In determining good cause, courts consider: "(1) [the] reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve." Id.

However, the primary focus of the "good cause" inquiry is on the plaintiff's reasons for not complying with the 120-day time limit for service of process in the first place. Id.; see Chiang v. United States SBA, 331 F. App'x 113, 115–16 (3d Cir. 2009) (finding that the plaintiffs did not show good cause for an extension of time to effect service because plaintiffs offered no explanation for why they were unable to comply with the requirements of Rule 4); Skyes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that neither inadvertence of counsel nor a pro se litigant's unfamiliarity with procedural rules constituted good cause); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (finding that good cause for a delay in service did not exist when the plaintiff failed to provide any reasons for his failure to comply with the Federal Rules of Civil Procedure). The "good cause" requirement of Rule 4(m) protects "diligent plaintiffs who, though making every effort to comply with the dictates of the rule, nonetheless exceed the 120-day limit for service [of process]." Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 880 (3d Cir. 1987). Nonetheless, good cause is not an easy burden for a plaintiff to satisfy. Gonzalez, 268 F.R.D. at 527.

6

Here, plaintiff asserts that, at the time he filed the instant lawsuit pro se, he was "unsophisticated as to how to navigate the procedures of the Federal Court system and relied on the clerks of the court to assist him in the preparation and filing of the complaint." (Cross Mot., ECF No. 28 at 10). Plaintiff certifies that based on his conversation with the Clerk of the Court, he was under the impression that serving co-defendant ATU with the complaint constituted proper service upon defendant New Jersey Transit as well. (Barrentine Cert. ¶ 18, ECF No. 28). Also, plaintiff declares that he believed defendant was put on notice of the claim because plaintiff had filed electronically the summons. (Id.). Plaintiff further certifies that he did not learn that he was required to serve New Jersey Transit independently until he was able to retain an attorney in January 2013. (Id. ¶ 22).

Moreover, plaintiff maintains that the requested enlargement of time will not prejudice defendant because defendant received actual notice of the potential claim against it when plaintiff filed his EEOC grievance in July 2011. (Cross Mot., ECF No. 28 at 12). Specifically, plaintiff alleges that his grievance was investigated fully by the EEOC, over a period of nine months, and that, as a result, defendant was on notice of a potential claim against it by plaintiff. (Id.). Further, plaintiff asserts that there is a lack of prejudice to defendant because he filed the Second Amended Complaint on May 2, 2013. (Id. at 13). Plaintiff alleges that his original complaint was vague and ill drafted, and that "even if it [were] served [within the 120-day time period,] it would not have been until the service of the amended complaint filed on May 2, 2013 that the defense would have been apprised of the specific allegations against them." (Id.). Plaintiff also alleges that discovery on this matter "has not begun in earnest . . . [and] [u]pon information and belief the individuals who have been named in the complaint still work for [defendant] and are

easily accessible for statements and depositions." (Id.).

The Court finds that plaintiff has not demonstrated "good cause" for his failure to serve defendant within the 120-day time period as prescribed by Federal Rule of Civil Procedure 4(m). Caselaw within the District of New Jersey holds that failure to understand the Federal Rules does not constitute good cause. Although plaintiff was a pro se litigant at the time he filed the original complaint, failure to read or understand the Federal Rules of Civil Procedure is not a reasonable basis for failure to effect timely and adequate service of process on all defendants. See Gonzalez, 268 F.R.D. at 527 (finding that "ignorance of the law does not rise to the level of exhibiting a reasonable basis for [plaintiffs'] noncompliance with the service requirements of Rule 4"); Okagbue-Ojekwe v. Fed. Bureau of Prisons, 2010 U.S. Dist. LEXIS 107285, at *5 (D.N.J. Oct. 7, 2010) (finding "complete ignorance of Fed. R. Civ. P. 4 does not constitute sufficient good cause to excuse insufficient service and justify an extension to serve"); Skyes, 205 F. App'x at 963 (finding that neither inadvertence of counsel nor a pro se litigant's unfamiliarity with procedural rules constituted good cause). Indeed, "litigants who wish to bring their cases in Federal Court must know and abide by both the Federal and Local Rules of Civil Procedure." Sheets v. Schlear, 132 F.R.D. 391, 394 (D.N.J. Oct. 18, 1990). Here, plaintiff argues that his "mistaken belief regarding [the Clerk's] instructions and his ignorance of the law constitutes 'good cause' to allow an extension of the time to serve the defendant." (Cross Mot., ECF No. 28 at 12). However, based on the authority set forth above, the Court finds that such ignorance of the time limit and manner by which to effect adequate service of process does not constitute good cause.

Further, the Court notes that plaintiff did not move for an extension of time to serve until 120 days after the filing of his complaint. Such delay weighs heavily against a finding of good

cause. See Gonzalez, 268 F.R.D. at 527 ("[F]or . . . the good cause analysis to be met, a plaintiff must move for an extension before the expiration of [the] 120 day period."). Additionally, plaintiff failed to request an extension of time to effect service until after defendant filed the instant Motion to Dismiss. That fact also weighs against a finding of good cause. See Lovelace, 820 F.2d at 85; Braxton v. United States, 817 F.2d 238, 242 (3d Cir. 1987) (finding that good cause does not exist when there is an unexplained delinquency on the part of the process server and lack of oversight by counsel). Here, it appears that plaintiff's counsel was aware that plaintiff had not served process, but did not file the instant Cross Motion until after the 120-day window to effect service. (Cross Mot., ECF No. 28 at 11). Even assuming arguendo that there is no prejudice to defendant if the Court were to grant an extension of time to serve, lack of prejudice alone does not constitute good cause. See MCI Telecom. Corp., 71 F.3d at 1097 (finding the "absence of prejudice alone can never constitute good cause to excuse late service"). Therefore, the Court finds that plaintiff has failed to satisfy his burden of demonstrating good cause for his failure to serve defendant within the 120-day time period as prescribed by Rule 4(m).

    **B.**    **Discretionary Extension of Time**

In the absence of good cause, the Court must turn to the second step of the inquiry and decide whether to grant a discretionary extension of time. Petrucelli, 46 F.3d at 1306. In deciding whether to exercise this discretion, courts have taken into account factors such as the length of the delay, the role of counsel, expiration of applicable statutes of limitations, prejudice to the defendant, and the conduct of the parties, among other considerations. See Telfair v. Newark, 1998 U.S. Dist. LEXIS 817, at *5 (D.N.J. Jan. 7, 1998) (finding that a discretionary

9

extension of time to serve was warranted when the summons was filed only one day late, due to the error of the plaintiff's attorney, and due to the fact that the statute of limitations had expired); see also Chiang, 331 F. App'x at 116 (finding that, given plaintiffs' lack of explanation for the four-year delay in service, the District Court did not abuse its discretion in denying their request for an extension of time for service of process, even though there was no prejudice to the defendant and the statute of limitations had expired). Indeed, the court has "wide discretion in deciding whether to extend time for service under Rule 4(m)." Gonzalez, 268 F.R.D. at 528.

In seeking a discretionary extension of time to allow plaintiff to properly effect service of process, plaintiff advances arguments similar to his application for a mandatory extension. Specifically, plaintiff contends that his initial ignorance of the law, failure to understand the Clerk's alleged instructions, and mistaken belief that service upon co-defendant ATU would constitute service upon defendant, "should not inure as a windfall to the defendant." (Cross Mot., ECF No. 28 at 15). Plaintiff asserts that the requested extension of time will not prejudice defendant because defendant received actual notice of the potential claim against it when plaintiff filed his EEOC grievance in July 2011. (Cross Mot., ECF No. 28 at 12). Further, plaintiff maintains that there is a lack of prejudice to defendant because plaintiff filed the second amended complaint on May 2, 2013. (Id. at 13). That is, plaintiff contends that even if his original complaint were served within the 120-day time period, it was vague and ill drafted, and accordingly "it would not have been until the service of the amended complaint filed on May 2, 2013 that the defense would have been apprised of the specific allegations against them." (Id.). Moreover, plaintiff claims that discovery on this matter "has not begun in earnest . . . [and] [u]pon information and belief the individuals who have been named in the complaint still work

for [defendant] and are easily accessible for statements and depositions." (Id.).

This Court finds that it is appropriate to grant plaintiff a discretionary extension of time to effect service on defendant because plaintiff proceeded pro se until January 9, 2013 (see ECF No. 17), the applicable statutes of limitations have now expired, and defendant will not be prejudiced by a modest extension of time to serve. See, e.g., Telfair, 1998 U.S. Dist. LEXIS 817, at *5 (exercising discretion and extending time to serve, even though plaintiff filed the summons one day late, because the error was attributable to the plaintiff's attorney, rather than to the plaintiff herself, and because the statute of limitations had expired). Here, plaintiff alleges that at the time he filed the original complaint pro se, he did not understand the law regarding service of process; specifically, he alleges that he mistakenly believed that service upon co-defendant ATU constituted proper service upon defendant. (See Cross Mot., ECF No. 28 at 11–12, 15). Plaintiff certifies that he filed a grievance with the New Jersey Division of Civil Rights, and thereafter filed pro se the instant complaint in federal court. (Barrentine Cert. ¶¶ 6, 9, 11, ECF No. 28). Plaintiff certifies further that he relied extensively on procedural instructions from the Clerk of the Court, and that the Clerk did not inform him that he had to serve each defendant separately. (Id. ¶¶ 10–12, 16–18). Plaintiff also declares that he thought that electronically filing the summons constituted proper service of process on defendant. (Id. ¶ 18).

Based on plaintiff's certification, the Court finds that plaintiff made a good faith, diligent effort to effect service of process on defendant. It is not the Clerk of the Court's responsibility to instruct plaintiff on how to serve defendant or proceed in the litigation. And to be clear, the Court is not commenting on whether the Clerk of the Court provided plaintiff with any such instruction, accurate or not. But to the extent that plaintiff may have misconstrued any

11

communication from the Clerk of the Court as relieving him of his obligation to effect service of process on defendant, the Court is mindful to plaintiff's pro se status and notes that plaintiff did in fact effect service on co-defendant ATU.

Indeed, plaintiff certifies that he paid "Mr. Elwood Green" $150 to serve co-defendant ATU, and that if plaintiff knew he had to serve defendant New Jersey Transit separately, he "would have simply paid Mr. Green to serve [defendant New Jersey Transit] at the same time [he] served [co-defendant ATU]." (Barrentine Cert. ¶¶ 17, 19, ECF No. 28). Further, the Court notes that plaintiff obtained representation in January 2013 (see ECF No. 17), but plaintiff's counsel apparently failed to effect service on defendant when it served co-defendant ATU in February 2013. (See Barrentine Cert. ¶ 23, ECF No. 28). Given plaintiff's good faith, diligent efforts to effect service when he proceeded pro se, the Court is reluctant to hold plaintiff accountable for the apparent, subsequent failure of his counsel to effect service on defendant New Jersey Transit, where allowing a discretionary extension will not cause significant or irremediable prejudice to New Jersey Transit. Accordingly, the Court finds that it is appropriate to exercise its discretion and grant plaintiff a modest extension of time to effect service of process on defendant. Compare Hilska v. Jones, 217 F.R.D. 16, 22 (D.D.C. July 13, 2003) ("Notwithstanding the plaintiff's failure to demonstrate proper service on defendant Jones, the court will not grant defendant['s] . . . motion to dismiss because the court must afford [pro se] plaintiff['s] 'more latitude than litigants represented by counsel to correct defects in service of process and pleadings.'") (citing Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993)), with Gonzalez, 268 F.R.D. at 528 (finding that "[b]ecause plaintiffs are represented by counsel who presumably are well acquainted with the Federal Rules of Civil Procedure, this

12

factor weighs against granting a discretionary extension").

Next, the Third Circuit "has recognized that district courts have consistently treated the running of the statute of limitations as a factor favoring the granting of an extension of time for service of process." Telfair, 1998 U.S. Dist. LEXIS 817, at *5; see Boley, 123 F.3d at 759 ("District courts have consistently interpreted Rule 4(m) . . . treating the running of the statute of limitations as a factor favoring the plaintiff and not as a basis for potential prejudice to the defendant."); Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 666–67 (D.Vt. June 20, 1996) (extending time to effect service in part to prevent plaintiff's case from being barred procedurally). To that end, the Third Circuit has expressed its "preference for deciding cases on their merits, rather than through procedural technicalities." Gonzalez, 268 F.R.D. at 528. Here, because the statute of limitations has expired on all claims against defendant,[1] a dismissal

---

[1] Plaintiff was terminated on January 21, 2011. (See Second Am. Compl. ¶¶ 3, 7, 25, ECF No. 27). Accordingly, plaintiff alleges the following seven (7) counts against defendant New Jersey Transit:
- employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Count 1);
- harassment and retaliation in violation of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1 (Counts 2 and 3);
- harassment and retaliation in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, et seq. (Counts 7 and 8);
- negligent infliction of emotional distress ("NIED") (Count 9);
- intentional infliction of emotional distress ("IIED") (Count 10); and
- common-law harassment (Count 11).

The Court finds that the statutes of limitations have run on all seven counts. First, with respect to plaintiff's Title VII claim (Count 1), the statute of limitations expired on or about November 18, 2011. See 42 U.S.C. § 2000e-5 (stating "that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency . . . such charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred . . ."). Second, with respect to plaintiff's CEPA claims (Counts 2 and 3), the statute of limitations expired on or about January

(continued...)

without prejudice would be the functional equivalent of a dismissal with prejudice. See id. at 529. That is, plaintiff would lose the opportunity to prosecute his claims against New Jersey Transit, one of the alleged wrongdoers, due to the expiration of the aforementioned statutes of limitations. Such a result would be contrary to the Third Circuit's stated preference to decide cases on the merits. Therefore, the Court treats the running of the statutes of limitations as another factor favoring the granting of an extension of time to effect service.

Finally, courts have held that prejudice "involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage." Boley, 123 F.3d at 759; see Nelson v. Cnty. of Allegheny, 60 F.3d 1010, 1014–15 (3d Cir. 1995) (holding that prejudice depended on whether defendant for lack of notice would have to assemble evidence and construct a defense when the case was already stale). Here, defendants would not be prejudiced in their ability to defend against the claims on the merits if the Court were to grant plaintiff an extension of time to effect service. It does not appear that discovery in this matter has begun in any substantial degree,[2] and plaintiff alleges, "upon information and belief the

---

[1](...continued)
22, 2012. See N.J.S.A. § 34:19-5 (stating that "[u]pon a violation of any of the provisions of this act, an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction"). Third, with respect to plaintiff's NJLAD claims (Counts 7 and 8), the statute of limitations expired on or about January 22, 2013. See Roa v. Roa, 200 N.J. 555, 566 (2010) ("The statute of limitations for LAD claims is two years."). Finally, with respect to plaintiff's NIED, IIED, and common-law harassment claims (Counts 9–11), the statute of limitations also expired on or about January 22, 2013. See N.J.S.A. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued."); see also Campanello v. Port Auth. of New York & New Jersey, 590 F. Supp. 2d 694, 699 (D.N.J. Dec. 19, 2008).

[2] New Jersey Transit does not appear to contend that allowing service would prejudice its
(continued...)

individuals who have been named in the complaint still work for [defendant] and are easily accessible for statements and depositions." (Cross Mot., ECF No. 28 at 13). Further, plaintiff certifies that defendant "was on notice of [plaintiff's] allegations against [it] as early as July 14, 2011," which is when plaintiff filed his EEOC grievance. (Barrentine Cert. ¶ 7, ECF No. 28). To that point, the Court notes that "[i]f defendants were unaware of the claims asserted against them, they could not have submitted motions to this court regarding such claims." Gonzalez, 268 F.R.D. at 528. Thus, the Court finds that defendants would not endure any prejudice if the Court were to grant plaintiff a modest extension of time to effect service. Rather, defendants would still be capable of fully defending themselves against the claims on the merits because discovery has not begun in any appreciable manner and because defendants had notice of the claims against them, regardless of whether plaintiff effected timely service of process, due to plaintiff's initial filing of the grievance with the EEOC in July 2011. Therefore, the Court respectfully recommends that the District Court exercise its discretion and grant plaintiff an extension of time to effect service.

---

²(...continued)
ability to defend itself in this litigation, other than to correctly note that the absence of prejudice, by itself, is not a basis for granting either a mandatory or discretionary extension. See Deft.'s Brief in Opposition to Plaintiff's Cross Motion To Extend the Time to Serve Defendant New Jersey Transit & in Reply to Plaintiff's Opposition to Defendant's Motion To Dismiss, May 14, 2013, ECF No. 29, at 4. Moreover, the Court cannot identify any prejudice on its own review of these proceedings. The Pretrial Scheduling Order provides that fact discovery is to remain open until December 31, 2013. Pretrial Scheduling Order, Apr. 22, 2013, ECF No. 23, ¶2. Indeed, the parties' deadline to serve written discovery requests (July 31, 2013) has not yet expired. Id. ¶3. Moreover, to the extent New Jersey Transit requires additional time for discovery or an enlargement of another deadline, it may make such request consistent with Federal Rule of Civil Procedure 16.

## III. Conclusion

For the reasons stated herein, the Court respectfully recommends that the District Court **deny** defendant's motion to dismiss plaintiff's complaint (ECF No. 25) and **grant** plaintiff's cross motion to extend the time to serve defendant (ECF No. 28) by **thirty (30)** days.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)(2).


Date: July 25, 2013                                  *s/Michael A. Hammer*
                                                     **UNITED STATES MAGISTRATE JUDGE**